PeabsoN, C. J.
 

 A debtor conveys all of his property with an intent to defraud his creditors, and then leaves the State. The question made
 
 by the
 
 pleading is, can a c2'editor maintain a bill to have his debt satisfied by what may be called, “ an attachment in equity,” under the provisions of the statute, Rev. Code, chap. 7, sec. 20 ? We are of opinion that the case does not come within the provisions of the statute.
 

 It is said the grantee holds the property upon a secret trust for the debtor, and the statute applies to any estate or effects in the hands of a “ trustee,” holding for the use of the debtor. It is clear, that the debtor, himself, could not enforce such a trust, for the conveyance, although void by the statute of Elizabeth, as to creditors, is good between the parties, and neither a court of law nor a court of equity will interfere at the instance of the debtor; in other words, the confidence reposed by him in the grantee is not recognised by the courts
 
 as á trust
 
 fit to be enforced, and as the proceeding, under the statute, rests on the footing of enforcing a trust, it follows that a trust, like that under consideration, doés not fall within the meaning.
 

 It is settled that such a trust does not come within the meaning of the act of 1812, and cannot be sold under an execution, at law;
 
 Page
 
 v.
 
 Goodman,
 
 8 Ire. Eq. 16.
 

 So it is settled, such a trust cannot be sold on the petition
 
 *19
 
 of an administrator, under the act of 1846;
 
 Rhem
 
 v.
 
 Tulls,
 
 13 Ire. 57, and it is said the creditors may reach the property, not on the ground of a trust, but on the ground of fraud, which proves that the word “ trustee,” used in the statute, under consideration, does not embrace a case of this kind.
 

 It was next insisted, that the case is that of an absconding debtor, having
 
 “
 
 an estate in the hands of a third person, which cannot be attached at law, or levied on under execution.” Why may not this property and estate be attached at law? The conveyance is void as to creditors, so they may treat the property as if it still belonged to the debtor, and, in fact, it is his property for the satisfaction of debts.
 

 This disposes of our case. The case of
 
 Gentry
 
 v.
 
 Harper,
 
 2 Jones’ Eq. 177, referred to, on the argument, is distinguishable from this, but may serve to illustrate the principle. There, the interest of the debtor could not be reached at law by a creditor, who
 
 had obtained
 
 a judgment, and it was subjected in equity, not on the ground of a trust, but on the broad ground,
 
 “
 
 that it was against conscience for debtors, to attempt, in any way, to withdraw property from the payment of their debts, and where a court of law cannot reach it, a court of equity will.”
 

 In exercising this jurisdiction, the courts of equity require that the question of debt, or no debt, being a legal one, should be settled by a judgment, at law. To meet this, the statute, under consideration, was passed. It may be that a fraud, like that in
 
 Gentry
 
 v. Harper, is not provided for by it. But our case is expressly excluded, on the ground, that the fraud is one, which does not stand in the way of creditors, and they may have an attachment at law, and do not need the interference of a court of equity.
 

 Pee Cueiam, Demurrer sustained and bill dismissed.